

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

June 23., 1977

Honorable Henry Wade                    Opinion No. H- 1019
District Attorney
Dallas County Government Center         Re:  Whether a county may
Dallas, Texas  75202                    pave a city parking lot.

Dear Mr. Wade:

You have requested our opinion regarding whether Dallas County may, pursuant to the Interlocal Cooperation Act, article 4413(32c), V.T.C.S., enter into a contract to pave a parking lot owned by a municipality or an independent school district. That statute, after defining "local government" to include, inter alia, any county, municipality or school district, authorizes any local government to

> contract or agree with one or more local
> governments to perform governmental
> functions and services under terms of this
> Act.

V.T.C.S. art. 4413(32c), § 4(a).  Section 4(b) of article 4413(32c) requires that any governmental function or service performed be one

> which all parties to the contract are
> legally authorized to perform. . . .

In our opinion, this provision means that Dallas County is authorized to pave a school district or a municipal parking lot if Dallas County possesses any authority to pave parking lots.  See Attorney General Opinion H-28 (1973).

Counties of 150,000 or more are empowered to construct, equip and operate "a parking station adjacent to or near the courthouse of the county."  V.T.C.S. art. 2372s-2, § 2.  See also articles 2372s, 2372s-1, V.T.C.S.  Counties of 500,000 or more may construct, equip and operate "parking stations in the vicinity of . . . coliseums and auditoriums."  V.T.C.S. art. 2372d-4.

More significantly, the authority to construct, maintain and operate  parking lots may be inferred as an incident to other, more specific county powers.  In County of Cameron v. Wilson, 326 S.W.2d 162 (Tex. 1959),  the Supreme Court construed article 6079c, V.T.C.S., by which certain counties were authorized to establish and maintain public parks.  The Court held that

> [a]s an incident thereto . . . [the county]
> may . . . provide parking space for motor
> vehicles. . . .

326 S.W.2d at 167.  In our opinion, therefore, there is ample authority by which to conclude that Dallas County possesses the authority to pave a parking lot, either by virtue of a particular statute, such as article 2372s-2, or as an incident to another county power, as in County of Cameron v. Wilson.  See also Attorney General Opinion H-45 (1973).  If a county may pave a parking lot for itself, we believe it may do so for another governmental entity under the Interlocal Cooperation Act, so long as such governmental entity could it-self perform that function.

In Hayden v. City of Houston, 305 S.W.2d 798 (Tex. Civ. App. -- Fort Worth 1957, writ ref'd n.r.e.), the court held that, even without statutory or other authority, a municipality may operate a parking facility whose purpose "is to provide a convenience for that portion of the public desiring to visit a municipal establishment. . . ."  305 S.W.2d at 802. The trustees of an independent school district are authorized to "acquire and hold real and personal property" and "to manage and govern the public free schools of the district." Education Code § 23.26.  We believe that these statutory provisions,  together with the principle established in Hayden, supra,  empower an independent school district to construct and maintain  parking lots for itself.  Thus, it is our opinion that Dallas County may pave a parking lot for either a municipality or for an independent school district. Of course, the county must receive adequate consideration in return for performing such work, in order to avoid any violation of article 3,  section 52 of the Texas Constitution.

You also ask whether competitive bidding would be re-quired on such a contract.  In Attorney General Opinion H-93 (1973), we held that a school district need not accept com-petitive bids on a contract with a city for the transfer of park land to the city and the construction of recreational

improvements thereon.  We characterized the contract "as an agreement reached between two political subdivisions, each having the power of eminent domain and condemnation, respecting the paramount public use of land owned by one of them." Attorney General Opinion H-93 (1973) at 4.  Likewise, in the present instance, we have held that governmental entities may contract under the Interlocal Cooperation Act to do only such acts as both are legally authorized to perform.  Since competitive bidding would not be necessary in order for a municipality to pave its own parking lot, we do not believe it is required when the county performs the work on behalf of the city.  In our opinion, therefore, a contract between Dallas County and an independent school district or a municipality pursuant to the Interlocal Cooperation Act does not require competitive bidding.

### S U M M A R Y

Dallas County may contract to pave a parking lot for either a municipality or an independent school district, pursuant to the Interlocal Cooperation Act, article 4413(32c), V.T.C.S., so long as Dallas County receives adequate compensation for performing such work.  Competitive bidding is not required on such a contract.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee